10/01/06

SUM—1

# STATE OF TENNESSEE
## SULLIVAN COUNTY
# SUMMONS

DIANTHA L. VIARS

2014

0 9:35

LAW COURT, PART (I) (II)
AT (XXXXXXXXXXXX XXXXXXXXX)
(KINGSORT), TENNESSEE

CIVIL ACTION NO. C40633(M)

VS

BIO-MEDICAL APPLICATIONS OF
TENNESSEE, INC

### NOTICE

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**TO THE ABOVE NAMED DEFENDANT (S):**

You are hereby summoned and required to serve upon E. Patrick Hull & Jason M. Ensley ,

, plaintiff's attorney, whose address is P.O. Box 1388, Kingsport, TN

37662; 203 Broyles Dr., Ste. 201, Johnson City, TN 37601 an answer to the complaint which

is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to

do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this 26th day of June , 2014 .

TOMMY R. KERNS
Clerk

By: _____
Deputy Clerk

Received this _____ day of _____, _____.

_____ Deputy Sheriff

# RETURN

I certify and return that I:

☐ served this summons together with the complaint as follows:

_____

_____

☐ failed to serve this summons within thirty (90) days after its issuance because:

_____

_____

Date _____

_____ Deputy Sheriff

☐ accept service

I, Jennifer P. Keller, Atty , hereby accept service of process in this case as fully and in all respects, as though I had

been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint

in this case.

This the 26th day of June , 2014 .

_____ Jennifer P. Keller, attorney
Defendant

**EXHIBIT**

A

SUM—1

10/01/06

# STATE OF TENNESSEE
## SULLIVAN COUNTY
# SUMMONS

DIANTHA L. VIARS

LAW COURT, PART (I) (II)
AT ~~BLOUNTVILLE/BRISTOL~~
(KINGSPORT), TENNESSEE

2014 ~~ ~~ 13 P 12: 55

CIVIL ACTION NO. _C40633(M)_

~~ ~~ D.C.

VS

CLERK

NOTICE

FRESENIUS MEDICAL CARE,

NORTH AMERICA,

TO THE DEFENDANT(S):

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed, these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## TO THE ABOVE NAMED DEFENDANT (S):

You are hereby summoned and required to serve upon **E. Patrick Hull and Jason M. Ensley** _____, plaintiff's attorney, whose address is **P.O. Box 1388, Kingsport, TN 37662; 203 BRoyles Dr., Ste. 201, Johnson City, TN 37601** an answer to the complaint which is herewith served upon you within thirty (30) days after service of the summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Tested this _____ day of _____, _____. Issued this _13_ day of _May_, _2014_.

TOMMY R. KERNS

Clerk

By: _____

Deputy Clerk

Received this _16_ day of _May_, _2014_.

_____ C _____ #81364 Deputy Sheriff

# RETURN

I certify and return that I:

☒ served this summons together with the complaint as follows: Served Special Assistant Secreta ___ Service of Process on R T Corpora ___ System, as Registered agent for ___

_Lindsey Cipp_ _____ _Fresenius Medical Care North America_

☐ failed to serve this summons within thirty (90) days after its ~~issuance because~~: _____

Date _JUN 0 4 2014_ _____ C _____ #81364

Deputy Sheriff

☐ accept service

I, _____, hereby accept service of process in this case as fully and in all respects, as though I had been personally served by a Deputy Sheriff of Sullivan County, and I acknowledge that I received a copy of the summons and complaint in this case.

This the _____ day of _____, _____.

_____
Defendant

# IN THE CIRCUIT COURT FOR SULLIVAN COUNTY
## AT KINGSPORT, TENNESSEE

| | |
|---|---|
| DIANTHA L. VIARS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    No. **C40633(M)** |
| | ) |
| BIO-MEDICAL APPLICATIONS OF | ) |
| TENNESSSEE, INC., | ) |
| | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Comes now the Plaintiff, pursuant to Rule 15 of the Tennessee Rules of Civil Procedure, and files this Amended Complaint against the Defendant for violation of wage and hour laws, for unequal pay, for unlawful discrimination based upon her disability, and for unlawful retaliation.

1.    This action arises out of Plaintiff's employment by Defendant and is based upon:

    a.    The Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*;

    b.    The Equal Pay Act, 29 U.S.C. §206;

    c.    Tenn. Code Ann. § 50-2-103;

    d.    The Tennessee Disability Act, Tenn. Code Ann. § 8-50-103;

    e.    the common law of the State of Tennessee; and

    f.    other relevant statutes of the State of Tennessee.

2.    Plaintiff is a citizen and resident of Washington County.

3.    Defendant, Bio-Medical Applications of Tennessee, Inc. ("Defendant"), is a corporation that was formed in Delaware that provides kidney dialysis products and services.

Defendant operates the acute dialysis unit at Wellmont Holston Valley Medical Center in Kingsport, Sullivan County, Tennessee. Defendant may be served with process through its registered agent, C T Corporation System, Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710. Defendant may also be served with process through its attorney, Jennifer P. Keller, of the law firm Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, 100 Med Tech Parkway, Suite 200, Johnson City, Tennessee 37602.

4. Jurisdiction and venue are proper in this Court because Defendant employed Plaintiff in Kingsport, Tennessee, and the acts of the Defendant that constitute injury to the Plaintiff occurred in Kingsport, Tennessee.

5. Plaintiff Diantha L. Viars is a registered nurse. Plaintiff is employed by Defendant at the Wellmont Holston Valley Medical Center in Kingsport, Tennessee, where Plaintiff performs acute medical dialysis.

6. Diantha L. Viars is diabetic and has coronary heart disease. She is a disabled person under both the Americans with Disabilities Act and the Tennessee Disability Act.

7. In the alternative, Plaintiff alleges that Defendant has treated Plaintiff as if she is a disabled person.

8. Plaintiff's immediate supervisor ("Supervisor") is an employee of the Defendant and is also a registered nurse.

9. Due to Plaintiff's disability, she has had to be off work on several occasions, and she has to take medication at times during the workday.

10. Plaintiff's Supervisor has undertaken a course of severe or pervasive harassment directed toward Plaintiff, which Plaintiff alleges is intended to cause her to quit her job, take disability or be terminated.

11.     On numerous occasions, the Supervisor made inappropriate negative comments to the Plaintiff about her disability, including that she should quit, retire or be fired.

12.     On one occasion, the Supervisor stated to the Plaintiff that big companies like the Defendant are getting rid of people like Plaintiff with disabilities.

13.     On another occasion, the Supervisor stated to Plaintiff, in the presence of other employees, that "it looks like we are going to need to find a nursing home for Diantha."

14.     The Supervisor's actions toward Plaintiff as a result of her disability are continuing an unrelenting.

15.     In addition to the Supervisor's improper comments, he has also acted in a hostile manner toward Plaintiff, criticized her for taking her medication, been rude to her and in other ways caused her work environment to be hostile toward Plaintiff.

16.     Because of these comments and actions toward Plaintiff, a hostile work environment has been created at Plaintiff's place of employment.

17.     In the early part of 2013, another employee of the Defendant began to sexually harass the Plaintiff. This employee was a friend of the Supervisor

18.     This employee's sexual harassment of the Plaintiff culminated in his sending a text message with a naked picture of himself to Plaintiff.

19.     Two weeks after this employee sent the naked picture, Plaintiff had a heart attack.

20.     Due to Plaintiff's heart attack, she was off work until September of 2013.

21.     When she returned to work following the heart attack, Plaintiff reported the sexual harassment of the employee who sent the inappropriate photo. Plaintiff also complained about the harassing and discriminatory behavior of her Supervisor.

22. On or about October 29, 2013, Defendant held a meeting regarding Plaintiff's complaints.

23. Although Plaintiff was not informed of the results of any investigation into her complaints, the employee against whom she had made the complaint of sexual harassment no longer works in the unit where Plaintiff works, and upon information and belief, Plaintiff alleges that this employee no longer works for the Defendant.

24. After the meeting regarding Plaintiff's complaints, her Supervisor stepped up his harassment and discrimination toward the Plaintiff. Plaintiff avers that the basis of this harassment was on the basis of her disability, and also as retaliation for reporting the harassing and discriminatory behavior of the Supervisor and his friend.

25. On three occasions thereafter, Plaintiff had to be hospitalized due to the stress occasioned by the hostile environment at her work.

26. In addition, Plaintiff's Supervisor began to cut her hours such that Plaintiff barely gets enough hours now to keep her benefits.

27. Plaintiff alleges that her Supervisor cut her hours as part of his plan to cause the Plaintiff to either quit or be fired.

28. In addition, Plaintiff's Supervisor has continued the unrelenting harassment of Plaintiff.

29. Since the time Plaintiff came to work for the Defendant, it has been the Defendant's policy that employees are to get a 30-minute lunch break.

30. Plaintiff has not received this 30-minute lunch break, except sporadically, since she began working for the Defendant, although Plaintiff's pay has been reduced each pay period as if she was regularly taking lunch breaks.

31.     Plaintiff and other employees of the Defendant who work in the Plaintiff's unit did not record their own work time.

32.     Even though Plaintiff and her co-workers did not have the opportunity to take a lunch break, Defendant records Plaintiff's work hours in such a manner that Plaintiff is treated as if she had taken a lunch break, and this amount of time is deducted from the hours for which Plaintiff is compensated.

33.     Accordingly, the Plaintiff has been denied the pay to which she has been due since the inception of her working career with the Defendant.

34.     Not only has Plaintiff been underpaid, the fact that she does not have a break or a lunch break is detrimental to Plaintiff due to her diabetes and heart disease.

35.     During Plaintiff's employment with the Defendant, Defendant has employed certain male employees, namely Clifford Lee and Rocky Sproles.

36.     Like Plaintiff, Mr. Lee and Mr. Sproles also performed acute dialysis for the Defendant. The work done by Mr. Lee and Mr. Sproles was equal to the work done by Plaintiff, requiring equal skill, effort and responsibility as the work done by Plaintiff.

37.     Plaintiff did not receive pay equal to that of Mr. Lee and Mr. Sproles. Defendant paid Plaintiff less than Mr. Lee and Mr. Sproles, even though Plaintiff performed substantially equal work.

38.     The actions of the Defendant, including the constant harassment by her Supervisor, the retaliation by her Supervisor and other actions by the Defendant have caused the Plaintiff to have severe anxiety, loss of sleep and other symptoms and difficulties.

## COUNT ONE
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*

39.     Plaintiffs incorporate Paragraphs 1 through 38 above as if fully set forth herein.

40.     The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, requires that all employees must be paid for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315

41.     Defendant willfully and intentionally violated the FLSA by making the Plaintiff work through her lunch period, while at the same time Defendant recorded Plaintiff's work time as if Plaintiff had taken a lunch break, and then Defendant reduced Plaintiff's pay as if she had taken a lunch break.

42.     Plaintiff, by virtue of the job duties and activities actually performed, is a non-exempt employee.

43.     Defendant's policies and practices deprived Plaintiff of wages that were owed for work performed during a given continuous workday and workweek. In workweeks where Plaintiff worked 40 hours or more, Defendant's policies and practices also deprived Plaintiff of overtime pay at a rate of 1.5 times her regular rate of pay.

44.     Defendant required Plaintiff to perform substantial amounts of off-the-clock work that benefitted Defendant, but Defendant failed to pay Plaintiff the federally mandated overtime compensation for any of these off-the-clock activities.

45.     The hours of off-the-clock work performed by Plaintiff is an essential part of the Plaintiff's job activities, and the time associated with these activities is not *de minimis*.

46.     Defendant has regularly deducted from Plaintiff's work hours periods for lunch breaks, even when Plaintiff did not take a lunch break.

47.    Defendant regularly suffered or permitted Plaintiff to work though her lunch break periods.

48.    Defendant failed to keep accurate records relating to lunch breaks and actual work hours.

49.    In workweeks where Plaintiff worked 40 hours or more, hourly employees' uncompensated off-the-clock time for lunch breaks that were not taken should have been paid at federally mandated rate of 1.5 times Plaintiff's regularly hourly wage.

50.    Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long Plaintiff took for lunch breaks, if any, and could have compensated Plaintiff for all work activity, but Defendant did not do this.

51.    The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees.

## COUNT TWO
## EQUAL PAY ACT
## 29 U.S.C. § 206.

52.    Plaintiff incorporates Paragraphs 1 through 38 above as if fully set forth herein.

53.    Defendant willfully and intentionally paid Plaintiff less than male employees Clifford Lee and Rocky Sproles for performing equal work that required equal skill, effort and job responsibilities. The work conditions under which the Plaintiff, Clifford Lee and Rocky Sproles performed their jobs was similar, with the exception that Plaintiff was enduring the harassment, retaliation and discrimination set forth above, and the males did not receive such unlawful treatment.

54. The differential between the pay that Plaintiff received and the pay that Mr. Lee and Mr. Sproles received was not based upon any of the following: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

55. Defendant's conduct in paying Plaintiff less than Mr. Lee and Mr. Sproles constitutes sex discrimination that is prohibited by the Equal Pay Act, 29 U.S.C. §206.

## COUNT THREE
## VIOLATION OF TENN. CODE ANN. § 50-2-103

56. Plaintiff incorporates Paragraphs 1 through 38 above as if fully set forth herein.

57. Tenn. Code Ann. Section 50-2-103 provides that "All wages or compensation of employees in private employments shall be due and payable as follows: (h) Each employee shall have a thirty-minute unpaid rest break or meal period if scheduled to work six (6) hours consecutively, except in workplace environments that by their nature of business provide for ample opportunity to rest or take an appropriate break. The break shall not be scheduled during or before the first hour of scheduled work activity."

58. Defendant violated Plaintiff's rights under Tenn. Code Ann. § 50-2-103 by refusing to allow Plaintiff to take a lunch break or rest break.

59. Defendant is further in violation of Tenn. Code Ann. § 50-2-103 by deducting from Plaintiff's hours worked an amount equal to thirty minutes per day, as if Plaintiff had been given a lunch break.

60. Defendant is in further violation of Tenn. Code Ann. § 50-2-103 by refusing to pay Plaintiff for this time she worked.

## COUNT FOUR
## DISABILITY DISCRIMINATION
## TENNESSEE DISABILITY ACT

61.    Plaintiff incorporated Paragraphs 1 though 38 above as if fully set forth herein.

62.    Plaintiff asserts that Defendant discriminated against her on the basis of her disability in violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103, and Tennessee common law.

63.    Plaintiff alleges that Defendant treated her differently than non-disabled employees, and Defendant's actions were deliberate, willful and intentional discrimination based upon Plaintiff's disability.

64.    Defendant perceived or regarded Plaintiff's health conditions, including her diabetic and heart conditions, as a disability.

65.    Defendant discriminated against Plaintiff and treated her poorly from the time that Defendant knew of Plaintiff's health problems.

66.    Defendant also violated Plaintiff's rights under the Tennessee Disability Act by retaliating against her for filing a complaint of discrimination and harassment with the Defendant employer.

67.    Defendant's continued discrimination against Plaintiff culminated in Plaintiff's losses as set out herein.

68.    Defendant's actions as set out above constitute an adverse employment action.

69.    Defendant was vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate

behavior towards employees; (c) the Defendant did not properly train the Plaintiff's supervisor regarding the Defendant's policies towards a workplace free of disability discrimination; and (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report disability discrimination occurring with the Defendant's workplace.

## APPLICABLE TO ALL COUNTS

70.    Plaintiff has suffered direct pecuniary losses as a result of Defendant's violations of the law, as set out above, and Plaintiff will continue to suffer direct pecuniary losses as a result of Defendant's actions as set out herein.

71.    Plaintiff is entitled to compensation for past, present, and future wages and benefits, front pay, back pay, incidental damages, liquidated damages, attorneys fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary dmages.

72.    Plaintiff further submits that the Defendant acted: (a) intentionally, (b) maliciously, or (c) recklessly and that Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

A.    That process issue against the Defendant requiring Defendant to answer this Complaint within the time required by law;

B.    That Plaintiff be awarded compensatory damages in the amount of $750,000.00 or an amount to be determined by the jury;

C.    That Plaintiff be awarded punitive damages in the amount of $750,000.00 or an amount to be determined by the jury;

D.   That Plaintiff be awarded liquidated damages under the Fair Labor Standards Act

and Equal Pay Act as determined by the jury;

E.   That the Court award the Plaintiff attorney's fees and costs incurred in

prosecuting this action and such other discretionary costs a provided under Tennessee law;

F.   That the Court award the Plaintiff such other, further, general and different relief

to which she may be entitled; and

G.   That a jury of twelve (12) be empanelled to try this action.

Respectfully submitted,

E. Patrick Hull, BPR No. 004437
Attorney for Plaintiff
P.O. Box 1388
Kingsport, TN  37662
423-247-6151
Fax:  423-247-6152

Jason M. Ensley, BPR No. 020066
ENSLEY, BAKER & SHADE, PLLC
Attorney for Plaintiff
203 Broyles Dr., Suite 201
Johnson City, Tennessee  37601
423-631-0550
Fax:  423-631-0555

# IN THE CIRCUIT COURT FOR SULLIVAN COUNTY
## AT KINGSPORT, TENNESSEE

| | | |
|---|---|---|
| DIANTHA L. VIARS, | ) | 2014 MAY 13 P 12:55 |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | No. C40633M |
| | ) | |
| FRESENIUS MEDICAL CARE, | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff brings this action against the Defendant for violation of wage and hour laws, for unequal pay, for unlawful discrimination based upon her disability, and for unlawful retaliation.

1.  This action arises out of Plaintiff's employment by Defendant and is based upon:

    a.  The Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.;*

    b.  The Equal Pay Act, 29 U.S.C. §206;

    c.  Tenn. Code Ann. § 50-2-103;

    d.  The Tennessee Disability Act, Tenn. Code Ann. § 8-50-103;

    e.  the common law of the State of Tennessee; and

    f.  other relevant statutes of the State of Tennessee.

2.  Plaintiff is a citizen and resident of Washington County.

3.  Defendant, Fresenius Medical Care, North America ("Fresenius"), is a German corporation that provides kidney dialysis products and services. Defendant operates the acute dialysis unit at Wellmont Holston Valley Medical Center in Kingsport, Sullivan County,

Tennessee. Defendant may be served with process through its registered agent, C T Corporation System, Suite 2021, 800 South Gay Street, Knoxville, Tennessee 37929-9710.

4. Jurisdiction and venue are proper in this Court because Defendant employed Plaintiff in Kingsport, Tennessee, and the acts of the Defendant that constitute injury to the Plaintiff occurred in Kingsport, Tennessee.

5. Plaintiff Diantha L. Viars is a registered nurse. Plaintiff is employed by Defendant at the Wellmont Holston Valley Medical Center in Kingsport, Tennessee, where Plaintiff performs acute medical dialysis.

6. Diantha L. Viars is diabetic and has coronary heart disease. She is a disabled person under both the Americans with Disabilities Act and the Tennessee Disability Act.

7. In the alternative, Plaintiff alleges that Defendant has treated Plaintiff as if she is a disabled person.

8. Plaintiff's immediate supervisor ("Supervisor") is an employee of the Defendant and is also a registered nurse.

9. Due to Plaintiff's disability, she has had to be off work on several occasions, and she has to take medication at times during the workday.

10. Plaintiff's Supervisor has undertaken a course of severe or pervasive harassment directed toward Plaintiff, which Plaintiff alleges is intended to cause her to quit her job, take disability or be terminated.

11. On numerous occasions, the Supervisor made inappropriate negative comments to the Plaintiff about her disability, including that she should quit, retire or be fired.

12. On one occasion, the Supervisor stated to the Plaintiff that big companies like the Defendant are getting rid of people like Plaintiff with disabilities.

13.     On another occasion, the Supervisor stated to Plaintiff, in the presence of other employees, that "it looks like we are going to need to find a nursing home for Diantha."

14.     The Supervisor's actions toward Plaintiff as a result of her disability are continuing an unrelenting.

15.     In addition to the Supervisor's improper comments, he has also acted in a hostile manner toward Plaintiff, criticized her for taking her medication, been rude to her and in other ways caused her work environment to be hostile toward Plaintiff.

16.     Because of these comments and actions toward Plaintiff, a hostile work environment has been created at Plaintiff's place of employment.

17.     In the early part of 2013, another employee of the Defendant began to sexually harass the Plaintiff. This employee was a friend of the Supervisor

18.     This employee's sexual harassment of the Plaintiff culminated in his sending a text message with a naked picture of himself to Plaintiff.

19.     Two weeks after this employee sent the naked picture, Plaintiff had a heart attack.

20.     Due to Plaintiff's heart attack, she was off work until September of 2013.

21.     When she returned to work following the heart attack, Plaintiff reported the sexual harassment of the employee who sent the inappropriate photo. Plaintiff also complained about the harassing and discriminatory behavior of her Supervisor.

22.     On or about October 29, 2013, Defendant held a meeting regarding Plaintiff's complaints.

23.     Although Plaintiff was not informed of the results of any investigation into her complaints, the employee against whom she had made the complaint of sexual harassment no

longer works in the unit where Plaintiff works, and upon information and belief, Plaintiff alleges that this employee no longer works for the Defendant.

24.     After the meeting regarding Plaintiff's complaints, her Supervisor stepped up his harassment and discrimination toward the Plaintiff.   Plaintiff avers that the basis of this harassment was on the basis of her disability, and also as retaliation for reporting the harassing and discriminatory behavior of the Supervisor and his friend.

25.     On three occasions thereafter, Plaintiff had to be hospitalized due to the stress occasioned by the hostile environment at her work.

26.     In addition, Plaintiff's Supervisor began to cut her hours such that Plaintiff barely gets enough hours now to keep her benefits.

27.     Plaintiff alleges that her Supervisor cut her hours as part of his plan to cause the Plaintiff to either quit or be fired.

28.     In addition, Plaintiff's Supervisor has continued the unrelenting harassment of Plaintiff.

29.     Since the time Plaintiff came to work for the Defendant, it has been the Defendant's policy that employees are to get a 30-minute lunch break.

30.     Plaintiff has not received this 30-minute lunch break, except sporadically, since she began working for the Defendant, although Plaintiff's pay has been reduced each pay period as if she was regularly taking lunch breaks.

31.     Plaintiff and other employees of the Defendant who work in the Plaintiff's unit did not record their own work time.

32.     Even though Plaintiff and her co-workers did not have the opportunity to take a lunch break, Defendant records Plaintiff's work hours in such a manner that Plaintiff is treated as

if she had taken a lunch break, and this amount of time is deducted from the hours for which Plaintiff is compensated.

33.     Accordingly, the Plaintiff has been denied the pay to which she has been due since the inception of her working career with the Defendant.

34.     Not only has Plaintiff been underpaid, the fact that she does not have a break or a lunch break is detrimental to Plaintiff due to her diabetes and heart disease.

35.     During Plaintiff's employment with the Defendant, Defendant has employed certain male employees, namely Clifford Lee and Rocky Sproles.

36.     Like Plaintiff, Mr. Lee and Mr. Sproles also performed acute dialysis for the Defendant. The work done by Mr. Lee and Mr. Sproles was equal to the work done by Plaintiff, requiring equal skill, effort and responsibility as the work done by Plaintiff.

37.     Plaintiff did not receive pay equal to that of Mr. Lee and Mr. Sproles. Defendant paid Plaintiff less than Mr. Lee and Mr. Sproles, even though Plaintiff performed substantially equal work.

38.     The actions of the Defendant, including the constant harassment by her Supervisor, the retaliation by her Supervisor and other actions by the Defendant have caused the Plaintiff to have severe anxiety, loss of sleep and other symptoms and difficulties.

## COUNT ONE
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*

39.     Plaintiffs incorporate Paragraphs 1 through 38 above as if fully set forth herein.

40.     The Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, requires that all employees must be paid for all hours worked, including all straight time compensation and overtime compensation. 29 C.F.R. §778.223 and 29 C.F.R. §778.315

41.     Defendant willfully and intentionally violated the FLSA by making the Plaintiff work through her lunch period, while at the same time Defendant recorded Plaintiff's work time as if Plaintiff had taken a lunch break, and then Defendant reduced Plaintiff's pay as if she had taken a lunch break.

42.     Plaintiff, by virtue of the job duties and activities actually performed, is a non-exempt employee.

43.     Defendant's policies and practices deprived Plaintiff of wages that were owed for work performed during a given continuous workday and workweek. In workweeks where Plaintiff worked 40 hours or more, Defendant's policies and practices also deprived Plaintiff of overtime pay at a rate of 1.5 times her regular rate of pay.

44.     Defendant required Plaintiff to perform substantial amounts of off-the-clock work that benefitted Defendant, but Defendant failed to pay Plaintiff the federally mandated overtime compensation for any of these off-the-clock activities.

45.     The hours of off-the-clock work performed by Plaintiff is an essential part of the Plaintiff's job activities, and the time associated with these activities is not *de minimis*.

46.     Defendant has regularly deducted from Plaintiff's work hours periods for lunch breaks, even when Plaintiff did not take a lunch break.

47.     Defendant regularly suffered or permitted Plaintiff to work though her lunch break periods.

48.     Defendant failed to keep accurate records relating to lunch breaks and actual work hours.

49.     In workweeks where Plaintiff worked 40 hours or more, hourly employees' uncompensated off-the-clock time for lunch breaks that were not taken should have been paid at federally mandated rate of 1.5 times Plaintiff's regularly hourly wage.

50.     Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have determined how long Plaintiff took for lunch breaks, if any, and could have compensated Plaintiff for all work activity, but Defendant did not do this.

51.     The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages, plus costs and reasonable attorneys' fees.

### COUNT TWO
### EQUAL PAY ACT
### 29 U.S.C. § 206.

52.     Plaintiff incorporates Paragraphs 1 through 38 above as if fully set forth herein.

53.     Defendant willfully and intentionally paid Plaintiff less than male employees Clifford Lee and Rocky Sproles for performing equal work that required equal skill, effort and job responsibilities. The work conditions under which the Plaintiff, Clifford Lee and Rocky Sproles performed their jobs was similar, with the exception that Plaintiff was enduring the harassment, retaliation and discrimination set forth above, and the males did not receive such unlawful treatment.

54.     The differential between the pay that Plaintiff received and the pay that Mr. Lee and Mr. Sproles received was not based upon any of the following: (i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex.

55.     Defendant's conduct in paying Plaintiff less than Mr. Lee and Mr. Sproles constitutes sex discrimination that is prohibited by the Equal Pay Act, 29 U.S.C. §206.

## COUNT THREE
## VIOLATION OF TENN. CODE ANN. § 50-2-103

56.     Plaintiff incorporates Paragraphs 1 through 38 above as if fully set forth herein.

57.     Tenn. Code Ann. Section 50-2-103 provides that "All wages or compensation of employees in private employments shall be due and payable as follows:  (h) Each employee shall have a thirty-minute unpaid rest break or meal period if scheduled to work six (6) hours consecutively, except in workplace environments that by their nature of business provide for ample opportunity to rest or take an appropriate break.  The break shall not be scheduled during or before the first hour of scheduled work activity."

58.     Defendant violated Plaintiff's rights under Tenn. Code Ann. § 50-2-103 by refusing to allow Plaintiff to take a lunch break or rest break.

59.     Defendant is further in violation of Tenn. Code Ann. § 50-2-103 by deducting from Plaintiff's hours worked an amount equal to thirty minutes per day, as if Plaintiff had been given a lunch break.

60.     Defendant is in further violation of Tenn. Code Ann. § 50-2-103 by refusing to pay Plaintiff for this time she worked.

## COUNT FOUR
## DISABILITY DISCRIMINATION
## TENNESSEE DISABILITY ACT

61.     Plaintiff incorporated Paragraphs 1 though 38 above as if fully set forth herein.

62.     Plaintiff asserts that Defendant discriminated against her on the basis of her disability in violation of the Tennessee Disability Act, Tenn. Code Ann. § 8-50-103, and Tennessee common law.

63.     Plaintiff alleges that Defendant treated her differently than non-disabled employees, and Defendant's actions were deliberate, willful and intentional discrimination based upon Plaintiff's disability.

64.     Defendant perceived or regarded Plaintiff's health conditions, including her diabetic and heart conditions, as a disability.

65.     Defendant discriminated against Plaintiff and treated her poorly from the time that Defendant knew of Plaintiff's health problems.

66.     Defendant also violated Plaintiff's rights under the Tennessee Disability Act by retaliating against her for filing a complaint of discrimination and harassment with the Defendant employer.

67.     Defendant's continued discrimination against Plaintiff culminated in Plaintiff's losses as set out herein.

68.     Defendant's actions as set out above constitute an adverse employment action.

69.     Defendant was vicariously liable for the actions and inappropriate conduct of its employees, agents and/or representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the handicap and disability discriminating behavior; (b) the Defendant did not properly supervise and train the Plaintiff's supervisors regarding appropriate behavior towards employees; (c) the Defendant did not properly train the Plaintiff's supervisor regarding the Defendant's policies towards a workplace free of disability discrimination; and (d) the Defendant did not have a viable and reasonable procedure and policy in effect to encourage

and promote employees to report disability discrimination occurring with the Defendant's workplace.

## APPLICABLE TO ALL COUNTS

70.    Plaintiff has suffered direct pecuniary losses as a result of Defendant's violations of the law, as set out above, and Plaintiff will continue to suffer direct pecuniary losses as a result of Defendant's actions as set out herein.

71.    Plaintiff is entitled to compensation for past, present, and future wages and benefits, front pay, back pay, incidental damages, liquidated damages, attorneys fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other nonpecuniary dmages.

72.    Plaintiff further submits that the Defendant acted: (a) intentionally, (b) maliciously, or (c) recklessly and that Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff prays for the following relief:

A.    That process issue against the Defendant requiring Defendant to answer this Complaint within the time required by law;

B.    That Plaintiff be awarded compensatory damages in the amount of $750,000.00 or an amount to be determined by the jury;

C.    That Plaintiff be awarded punitive damages in the amount of $750,000.00 or an amount to be determined by the jury;

D.    That Plaintiff be awarded liquidated damages under the Fair Labor Standards Act and Equal Pay Act as determined by the jury;

E.    That the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such other discretionary costs a provided under Tennessee law;

F.    That the Court award the Plaintiff such other, further, general and different relief to which she may be entitled; and

G.    That a jury of twelve (12) be empanelled to try this action.

Respectfully submitted,

E. Patrick Hull, BPR No. 004437
Attorney for Plaintiff
P.O. Box 1388
Kingsport, TN 37662
423-247-6151
Fax: 423-247-6152

Jason M. Ensley, BPR No. 020066
ENSLEY, BAKER & SHADE, PLLC
Attorney for Plaintiff
203 Broyles Dr., Suite 201
Johnson City, Tennessee 37601
423-631-0550
Fax: 423-631-0555